IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION FILE NO. |
| v. | 1:16-CR-145-TWT-JKL-19 |
| FREDERICK JOHNSON (19) | |

**ORDER AND NON-FINAL REPORT AND RECOMMENDATION**

Pending before the Court is Defendant Frederick Johnson's Motion for Disclosure of Confidential Informants [Doc. 907] and Motion to Sever Codefendants for Trial [Doc. 908]. For the following reasons, the Court **DENIES** the motion for disclosure of confidential informants and **RECOMMENDS** that the motion to sever be **DENIED**.

**I.   BACKGROUND**

Johnson is charged in this case with conspiracy to commit racketeering activity (Count One). [*See* Doc. 1.] The indictment alleges that Johnson was a member of the Gangster Disciples, which the government alleges operated as a racketeering enterprise as defined by 18 U.S.C. § 1961(4). During the time period relevant to this case Johnson allegedly served as the "Chief Enforcer of the

Northside count."[1]  [*Id.* at 13.]  The indictment alleges that on or about September 16, 2014, October 10, 2014, November 11, 2014, and November 17, 2014, Johnson possessed and distributed cocaine.  [*Id.* at 29-30 (Overt Acts 62, 66, 70, 72).]  The indictment further alleges that on or about January 22, 2015, Johnson allegedly possessed and distributed cocaine and Xanax with co-defendant Ronald McMorris.  [*Id.* at 32 (Overt Act 80).]

## II.  MOTION TO DISCLOSE CONFIDENTIAL INFORMANTS [907]

Johnson moves to compel the government to "fully identify and disclose information regarding persons assisting the government as informants and as active participants in investigation efforts" in his case.  [Doc. 907 at 3.]  Specifically, he argues that with respect to each discrete acts of selling cocaine alleged in the indictment, he is alleged to have sold cocaine to a confidential

---

[1] The indictment alleges that members of the Gangster Disciples are organized in geographic groups, each called a "count" or a "deck." [Doc. 1 at 2.] The indictment further alleges that each state has a "Chief Enforcer"—*i.e.*, someone who is responsible for enforcing the organization's codes, rules and regulations. [*Id.* at 4.] The State Chief Enforcer is responsible for seeing that punishment is effectuated for Gangster Disciples members who violate gang rules and for ensuring that people who claim to be members of the Gangster Disciples are in fact members in good standing. [*Id.*] Each count also has a Chief Enforcer who is responsible for enforcing gang rules within that count. [*Id.*] Chief Enforcers command "enforcement teams" and "clean-up crews", which are groups Gangster Disciples members that are tasked with administering discipline, including assaults and killings. [*Id.*]

informant who solicited it from him.  [*Id.* at 2.]  Johnson contends that the informant will have first-hand knowledge of Johnson's involvement (or lack thereof), and therefore, his need to access the information outweighs the government's interest in maintaining the secrecy of the informant(s).  [*Id.*]

It is well-established that the government has a limited privilege to withhold the identity of law enforcement informants. *Roviaro v. United States*, 353 U.S. 53, 59 (1957).  The purpose of this privilege "is the furtherance and protection of the public interest in effective law enforcement." *Id*.  But where the disclosure of an informant's identity or the contents of his communication is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause, the trial court may require disclosure. *Id*. at 60-61.  In balancing these interests, the Court must take into account "the particular circumstances of each case, the crime charged, possible defenses, and the potential significance of the informant's testimony." *United States v. Gutierrez*, 931 F.2d 1482, 1490 (11th Cir. 1991).  Courts in this Circuit consider the following three factors in evaluating whether the government should be required to reveal the identity of informants: "(1) the extent of the CI's participation in the criminal activity; (2) the directness of the relationship between the defendant's asserted defense and the probable testimony of the CI; and (3) the government's

3

interest in nondisclosure." *United States v. Razz*, 240 F. App'x 844, 847 (11th Cir. 2007) (citing *Gutierrez*, 931 F.2d at 1490).

The concerns in *Roviaro* are generally inapplicable, however, where the government intends to call the informant as a witness at trial. *See Banks v. Dretke*, 540 U.S. 668, 697 (2004) ("The issue of evidentiary law in *Roviaro* was whether (or when) the Government is obliged to reveal the identity of an undercover informer the Government does *not* call as a trial witness."); *United States v. Rook*, No. 1:15-CR-380-SCJ, 2016 WL 2344877, at *3 (N.D. Ga. May 3, 2016); *United States v. Pineda*, No. 1:11-CR-00006-CAP-JFK, 2012 WL 2906758, at *44 (N.D. Ga. June 4, 2012), *adopted at*, 2012 WL 2907447 (N.D. Ga. July 16, 2012). Here, the government has indicated that it intends to call the confidential informant(s) relating to the charge against Johnson as a witness during the trial and will disclose the identity of the informant(s) prior to the trial and provide any related *Jencks* Act, *Brady*, and *Giglio* materials related to the confidential informant(s). [Doc. 997 at 6.] In light of this representation, the Court will not require the government to disclose the identity of such confidential informant(s) at this time.

The Court additionally concludes that Johnson has not satisfied the second *Roviaro* factor—*i.e.*, a direct relationship between his defense and the probable

4

testimony of the informant. Johnson generally avers that he would like to have access to the confidential informant because the person (or persons) would likely have personal knowledge of his involvement in the alleged drug transactions. [Doc. 907 at 2.] This is insufficient. Johnson has not indicated what information he believes that he would obtain from the confidential information or why it would materially support his defense. In fact, Johnson does not specify what defense that might be. As to his contention that he must have access to the confidential informant to determine whether the informant might provide exculpatory information, the Court notes that the government is bound by *Brady* to provide such information.

For the foregoing reasons, the Court concludes that *Roviaro* does not require disclosure of the confidential informant identity at this time. Johnson's Motion to Disclose Confidential Informants [Doc. 907] is therefore **DENIED**.

### III.   MOTION TO SEVER CODEFENDANTS FOR TRIAL [908]

Johnson moves for severance on the grounds that (1) he is not properly joined as a defendant under Rule 8(b); (2) that even if properly joined, he should be severed under Rule 14 due to prejudicial spillover; and (3) that there is potentially a *Bruton* problem. [Doc. 908.] The Court addresses each of these arguments in turn.

Johnson argues that he argues that he has been improperly joined as a defendant in this case because the government has not provided any evidence that links him or the alleged drug transactions to the alleged racketeering conspiracy or enterprise. [Doc. 908 at 3-5.] Federal Rule of Criminal Procedure 8(b) provides that joinder of defendants is proper "if they are alleged to have participated in the same . . . series of acts or transactions constituting an offense or offenses." To meet the "same series of acts or transaction" requirement of Rule 8(b), the government must demonstrate that the acts alleged are united by substantial identity of facts or participants; however, there is no requirement that each participant participate in all acts or even know the other participants' roles in the alleged activities. *United States v. Holloway*, 971 F.2d 675, 679 (11th Cir. 1992).

It is well-established that joinder is proper where, as here, the indictment charges multiple defendants with participation in a single conspiracy. *See United States v. Alvarez*, 755 F.2d 830, 857 (11th Cir. 1985). The general rule is that defendants indicted together should be tried together, especially in conspiracy cases. *United States v. Chavez*, 584 F.3d 1354, 1360 (11th Cir. 2009). "Joint trials play a vital role in the criminal justice system and serve important interests: they reduce the risk of inconsistent verdicts and the unfairness inherent in serial

trials, lighten the burden on victims and witnesses, increase efficiency, and conserve scarce judicial resources." *United States v. Lopez*, 649 F.3d 1222, 1233 (11th Cir. 2011).

Johnson's argument that the government has not provided sufficient evidence to demonstrate that joinder is appropriate is misplaced. Rule 8(b) is a pleading rule, and courts look to the indictment to determine whether joinder is proper under that rule. *See United States v. Liss*, 265 F.3d 1220, 1227 (11th Cir. 2001); *United States v. Melvin*, 143 F. Supp. 3d 1354, 1363 (N.D. Ga. 2015). Here, the indictment alleges that Johnson was a member of the Gangster Disciples, that he held the position of "Chief Enforcer," and that he was involved in five drug transactions in furtherance of a racketeering conspiracy. Accordingly, the Court concludes that Johnson has been properly joined as a defendant in this case with respect to Count One.[2]

---

[2] *United States v. Weaver*, 905 F.2d 1466 (11th Cir. 1990), which Johnson cites in his brief, is distinguishable. In that case, the Eleventh Circuit held that joinder was improper where the indictment joined two separate and distinct conspiracies. *See Weaver*, 905 F.2d at 1478. In this case, by contrast, Johnson seeks severance from co-conspirators in the same alleged conspiracy. The indictment alleges that the five drug transactions were acts "taken in furtherance of the conspiracy" and "to effect the object and purposes thereof"; thus, the conduct with which Johnson is charged falls squarely within "the same series of acts or transactions, constituting an offense or offenses" under Rule 8(b).

Because joinder is proper under Rule 8(b), the Court turns to Johnson's second argument, that he should be severed due to prejudicial spillover. [Doc. 908 at 5-10.] Johnson contends that there is no evidence linking him to the alleged conspiracy, and if his trial were not severed, he would have to be tried alongside other defendants whom he asserts are alleged to have been involved in the conspiracy and for which evidence likely exists. [*Id.* at 9-10.] This argument is unpersuasive. Federal Rule of Criminal Procedure 14 allows for severance if it appears that a defendant will be prejudiced by a joinder of offenses or defendants. "[A] district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro v. United States*, 506 U.S. 534, 539 (1993). The Eleventh Circuit has explained that "[s]everance . . . is warranted only when a defendant demonstrates that a joint trial will result in 'specific and compelling prejudice' to his defense." *Liss,* 265 F.3d at 1228 (citation omitted). "Compelling prejudice occurs when the jury is unable 'to separately appraise the evidence as to each defendant and render a fair and impartial verdict.'" *Id*. (quoting *United States v. Meester*, 762 F.2d 867 (11th Cir.1985)). Cautionary instructions to the jury are presumed to adequately safeguard against prejudice. See *Lopez*, 649 F.3d at 1235

8

(cautionary instructions to the jury "ordinarily will mitigate the potential spillover effect of evidence of a co-defendant's guilt").

The Court is not persuaded that the nature of Johnson's involvement in the alleged conspiracy warrants severance under Rule 14.  Johnson's concern that a jury will be unable to sift through the evidence at trial and make an individual determination of guilt as to him is a concern in virtually any multi-defendant conspiracy case where the participants have disparate levels of participation.  As the Eleventh Circuit has explained, the general rule favoring joinder of defendants who have been indicted together applies to coconspirators, even if one defendant had a minimal level of participation in the conspiracy.  *United States v. Leavitt*, 878 F.2d 1329, 1340 (11th Cir. 1989) ("In a conspiracy case, coconspirators should usually be tried together; the fact that a defendant only participated in one aspect of the conspiracy does not by itself warrant severance.").  Whatever risk there may be can likely be cured through limiting instructions to the jury.  *See Zafiro*, 506 U.S. at 539.  Accordingly, at this point, the Court concludes that Johnson has not demonstrated that he would suffer such compelling prejudice to mandate severance.  Johnson's motion to sever due to prejudicial spillover should therefore be denied.

Finally, with respect to *Bruton*, Johnson acknowledges that a request for severance on that basis is premature as he does not know of statements that would require severance. [Doc. 908 at 10.] In *Bruton v. United States*, the Supreme Court held that post-arrest statements made by a non-testifying co-defendant that incriminate other defendants are inadmissible because such statements violate the other defendants' Sixth Amendment rights to confront and cross-examine adverse witnesses. 391 U.S. 123, 126 (1968). Since Johnson has not identified any specific statement or testimony that might be offered at trial that would create a problem under *Bruton*, or identified any co-defendant who made a statement or whether such defendant is going to trial, the Court is unable to evaluate the motion and the appropriateness of any remedial efforts that could be taken at trial to avoid a *Bruton* problem. Accordingly, it is recommended that Johnson's motion to sever based on *Bruton* be denied at this time.

In sum, it is **RECOMMENDED** that Johnson's Motion to Sever Codefendants for Trial [Doc. 908] be **DENIED**. It bears mentioning, however, that severance is within the discretion of the trial judge, who must ultimately balance the efficient and orderly presentation of the case with the possibility of prejudice to defendants and the ability to cure such prejudice with instructions. This is a complex case involving many defendants and issues may arise as this

matter moves toward trial that may justify another look at severance of this and other defendants for trial.  Although I recommend denying the motion at this stage in the proceedings, the trial judge may, of course, revisit the question of severance closer to trial.  *See United States v. Alcindor*, No. 1:05-CR-0269-TWT-CCH, 2005 WL 8148993, at *5 (N.D. Ga. Dec. 7, 2005) (denying motion for severance but noting that severance is within the province of the trial judge), *report and recommendation adopted*, 2006 WL 8426658 (N.D. Ga. Mar. 10, 2006).

## IV.	CONCLUSION

For the foregoing reasons, Johnson's Motion for Disclosure of Confidential Informants [Doc. 907] is **DENIED** and it is **RECOMMENDED** that Johnson's and Motion to Sever Codefendants for Trial [Doc. 908] be **DENIED**.

There are no matters pending for Defendant Johnson (19), and the Court has not been advised of any impediments to the scheduling of a trial as to this defendant.  Accordingly, this matter as to this defendant is **CERTIFIED READY FOR TRIAL.**[3]

---

[3] Since matters pertaining to Johnson's codefendants still are pending, the District Court is not required to place Johnson's case on the trial calendar at this time.  18 U.S.C. § 3161(h)(6).

**IT IS SO ORDERED, RECOMMENDED AND CERTIFIED** this 4th day of October, 2017.

_____
JOHN K. LARKINS III
United States Magistrate Judge